IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TERRICK NOONER                                                      PLAINTIFF

v.                                Civil No. 1:19-cv-01014

UNITED STATES MAGISTRATE
JUDGE BARRY BRYANT, *et al*.                                        DEFENDANTS

## **ORDER**

Plaintiff Terrick Nooner filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff has submitted a motion to proceed *in forma pauperis* ("IFP"). By Order (ECF No. 3) entered on April 8, 2019, Plaintiff was advised that it appeared he was not eligible for IFP status. He was given until April 29, 2019, to submit information indicating why he believed he was eligible for IFP status.

The IFP statute, 28 U.S.C. § 1915, contains what has come to be known as the "three strikes rule." 28 U.S.C. § 1915(g). The three strikes rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.

In the case at bar, the three strikes rule applies to Plaintiff. He has at least three previous actions that qualify as strikes against him pursuant to 28 U.S.C. § 1915(g). In *Nooner v. United States District Court Eastern District of Arkansas, et al.*, No. 4:14-cv-00664 (E.D. Ark. Feb. 18, 2015), the Court discussed Plaintiff's case filing history and dismissed the case based on the three

strikes rule.[1] The court stated:

> Mr. Nooner has well over three strikes. In November 2002, Judge Susan Webber Wright counted 33 conditions-of-confinement cases Mr. Nooner had filed in this district, 28 of which have been dismissed: three for failure to state a claim; one as frivolous; and nine based on Mr. Nooner's prior three-strike history.

*Id.*, slip op. at 1. *See also Nooner v. Fed. Bureau of Investigation*, No. 4:99-cv-00544, slip op. at 3 (E.D. Ark. Sept. 20, 1999) (strike for failure to state a claim); *Nooner v. Dickey*, No. 5:01-cv-00379, slip op. at 3 (E.D. Ark. Jan. 14, 2002) (strike for failure to state a claim); *Nooner v. Camp*, No. 5:98-cv-00345, slip op. at 1-2 (E.D. Ark. Aug. 20, 1998) (dismissed based on three strikes rule). Thus, it is clear that Plaintiff accumulated more than three strikes prior to filing the instant lawsuit on April 8, 2019. Additionally, Plaintiff has had one case dismissed in this district based on his three strike history. *See Nooner v. E. Dist. of Ark., et al.*, No. 1:19-cv-01005, slip op. at 2-3 (W.D. Ark. Apr. 22, 2019).

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and, thus, "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff has not alleged that, at the time this lawsuit was filed, he was in any danger at all, much less imminent danger. Instead, he has asserted claims against a multitude of public officials and/or public servants, including nearly all the District and Magistrate Judges in both this district

---

[1] Plaintiff mistakenly believes that strikes in the Eastern District of Arkansas do not count in this district. Section 1915(g) applies to strikes entered in any federal district court.

and the Eastern District of Arkansas. Plaintiff maintains he has been falsely imprisoned since 1993 pursuant to fraudulent criminal charges. He alleges violations of his Fifth, Eighth, Ninth, and Fourteenth Amendment rights. However, none of Plaintiff's allegations suggest he is in imminent danger. Accordingly, Plaintiff has failed to satisfy the imminent danger exception to the three strikes rule.

For these reasons, Plaintiff's IFP motion (ECF No. 2) should be and hereby is **DENIED**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to place a section 1915(g) case flag on this case. All other pending motions are **DENIED** as moot.

Within ten days of this Order, upon payment of the full $400 filing fee, Plaintiff may file a motion to reopen the case. Plaintiff should note the case number on the payment and the motion.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED** this 7th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge